IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BLUM'S FURNITURE COMPANY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3479 |
| | § | |
| CERTAIN UNDERWRITERS AT | § | |
| LLOYDS LONDON, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This insurance case is before the Court on the Motion for Summary Judgment

("Motion") [Doc. # 19] filed by Defendant Certain Underwriters at Lloyds London

("Lloyds"), to which Plaintiff Blum's Furniture Company ("Blum's") filed a Response

[Doc. # 22], and Defendant filed a Reply [Doc. # 23].  Having reviewed the full record

and the applicable legal authorities, the Court **grants** the Motion.

## I.   BACKGROUND

Lloyds issued to Blum's an insurance policy, number PUC102524 ("Policy"),

covering its business property. The insured building sustained extensive damage

during Hurricane Ike, and Blum's made a claim under the Policy.

Lloyds inspected the property nine days after Blum's claim was reported.  A

month later, Lloyds requested a proof of loss in exchange for payment of $50,000.00.

By August 2009, less than one year after Hurricane Ike, Lloyds adjusted the claim and

paid  Plaintiff approximately $300,000.00.  Plaintiff received and negotiated the payment.

The parties disputed the amount due to Plaintiff under the Policy, and Blum's invoked a Policy provision for an appraisal.  Less than one month later, Plaintiff filed this lawsuit in Texas state court asserting causes of action for breach of contract, fraud, conspiracy, and common law and statutory bad faith claims.  Lloyds removed the lawsuit to federal court and asserted the defense of estoppel based on the appraisal procedure.

Meanwhile, the appraisal proceeding continued.  Each party selected an appraiser who inspected the property and issued an assessment of damage.  When the appraisers could not agree on the proper value of the damage, they selected an umpire as required under the Policy.  After more than one year spent in the appraisal process, the umpire ultimately issued an award for damage to Plaintiff's building and a separate award for damage to the building's contents.  The two awards combined exceeded $1,000,000.00.

Lloyds issued checks to Blum's for the appraisal amount, less amounts already paid and other deductions provided for by the Policy.  Blum's accepted Lloyds's payment of the appraisal amount, but continues to pursue the breach of contract and extra-contractual claims in this lawsuit.

Following the close of discovery, Lloyds filed its Motion for Summary Judgment. The Motion has been fully briefed and is ripe for decision.

## II.   **SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving

party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant. *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The non-movant's burden is not met by mere reliance on the allegations or denials in the non-movant's pleadings. *See*

*Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). Likewise, "conclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Affidavits cannot preclude summary judgment unless they contain competent and otherwise admissible evidence. *See* FED. R. CIV. P. 56(c)(4); *Love v. Nat'l Medical Enterprises*, 230 F.3d 765, 776 (5th Cir. 2000); *Hunter-Reed v. City of Houston*, 244 F. Supp. 2d 733, 745 (S.D. Tex. 2003). A party's self-serving and unsupported statement in an affidavit will not defeat summary judgment where the evidence in the record is to the contrary. *See In re Hinsley*, 201 F.3d 638, 643 (5th Cir. 2000) ("A party's self-serving and unsupported claim that she lacked the requisite intent is not sufficient to defeat summary judgment where the evidence otherwise supports a finding of fraud." (citation omitted)).

## III.   ANALYSIS

### A.   Breach of Contract Claim

Under Texas law, when an insurer makes timely payment of a binding and enforceable appraisal award, and the insured accepts that payment, the insured is "estopped by the appraisal award from maintaining a breach of contract claim against [the insured]." *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 787 (Tex. App. – Houston [14th Dist.] 2004, no pet.); *see also Breshears v. State Farm Lloyd's*, 155 S.W.3d 340, 343 (Tex. App. – Corpus Christi 2004, no pet.) (an insured "may not use the fact that the appraisal award was different than the amount originally paid as evidence of breach of contract, especially when the contract they claim is being breached provides for resolution of disputes through appraisal"); *Bunting v. State Farm Lloyds*, 2000 WL 191672, *4 (N.D. Tex. Feb. 14, 2000).

In this case, it is undisputed that Lloyds paid the appraisal amount in a timely manner after the award was issued.  It is also undisputed that Blum's accepted that payment.  As a result, under Texas law, Blum's may not pursue a breach of contract claim against Lloyds.

Plaintiff argues correctly that an appraisal award is not the equivalent of an arbitration award, citing *Hartford Lloyd's Ins. Co. v. Teachworth*, 898 F.2d 1058, 1062 (5th Cir. 1990).  The appraisal determines the amount of loss, but does not

resolve the liability issue regarding whether the claim is covered under the Policy.  *Id.* at 1061-62.  A plaintiff, however, is estopped from pursuing a breach of contract claim not by the issuance of the appraisal award.  Instead, the plaintiff is estopped only where, as here, the plaintiff ***accepts payment*** of the appraisal amount from the insurer.

Blum's, having accepted Lloyds's payment of the appraisal amount, does not have a viable breach of contract claim against its insurer.  As a result, the Motion for Summary Judgment on the breach of contract claim is granted.

### B.    <u>Extra-Contractual Claims</u>

In addition to its breach of contract claim, Blum's asserts extra-contractual claims including fraud, conspiracy, common-law and statutory bad faith claims, and a claim for violation of the Texas Prompt Payment of Claims Act, TEX. INS. CODE § 542.  Plaintiff in its Response did not address Defendant's Motion for Summary Judgment as to the fraud and conspiracy claims.  Plaintiff has not presented evidence or argument in support of those claims, and Defendant is entitled to summary judgment on the fraud and conspiracy claims.

Generally, an insured cannot maintain a common law bad faith claim where the breach of contract claim fails.  *See Republic Insurance Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995); *Toonen v. United Srvcs. Auto. Ass'n*, 935 S.W.2d 937, 941 (Tex. App. – San Antonio 1996, no writ).  The only recognized exceptions to this rule are

if the insurer "commit[s] some act, so extreme, that would cause injury independent of the policy claim," or fails "to timely investigate the insured's claim." *Stoker*, 903 S.W.2d at 341.  Plaintiff has not presented evidence to raise a genuine issue of material fact on either of these exceptions.  There is no evidence of conduct by Lloyds that was so extreme that it caused injury to Blum's separate from the mere failure to pay amounts payable under the terms of the Policy.  Additionally, there is no evidence that Lloyds failed to conduct a timely investigation of Plaintiff's claim.  Indeed, the uncontroverted evidence shows that Lloyds began investigating Plaintiff's claim nine days after it was reported.  As a result, the general rule applies and, absent a viable breach of contract claim, Blum's cannot maintain its common law bad faith claim.

Plaintiff asserts both statutory and common law bad faith claims.  Liability under § 541 of the Texas Insurance Code and under the Texas Deceptive Trade Practices Act include the same standard as a common-law bad faith claim.  *See Texas Mut. Ins. Co. v. Sara Care Child Care Ctr., Inc.*, 324 S.W.3d 305, 317 (Tex. App. – El Paso 2010, review denied); *Spicewood Summit Office Condominiums Ass'n, Inc. v. Amer. First Lloyd's Ins. Co.*, 287 S.W.3d 461, 468 (Tex. App. – Austin 2009, review denied); *Douglas v. State Farm Lloyds*, 37 F. Supp. 2d 532, 544 (S.D. Tex. 1999) (holding that "when an insured joins claims under the Texas Insurance Code and the DTPA with a bad faith claim, all asserting a wrongful denial of policy

benefits, if there is no merit to the bad faith claim, there can be no liability on either of the statutory claims" (citing *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997))).  For the same reasons that Plaintiff cannot maintain the common law bad faith claim, the statutory claims fail.

Plaintiff cites *Allison v. Fire Ins. Exch.*, 98 S.W.3d 227 (Tex. App. – Austin 2002, pet. granted, judgm't vacated w.r.m.), in support of its position that it can maintain its bad faith claims.  In *Allison*, the Texas Court of Appeals did not address whether there could be a bad faith claim where the insurer paid the appraisal amount. Instead, the appellate court simply affirmed a jury verdict in favor of the insured, noting that there was evidence that the insurer refused for approximately eighteen months to pay any amounts under the Policy and refused to remediate mold issues while the appraisal process was underway, thereby allowing the mold to continue to grow.  The insurer's conduct in *Allison* could satisfy the exception regarding an extreme act by the insurer that causes separate damage to the plaintiff.  The *Allison* case, therefore, does not support Blum's position in this case.

Plaintiff alleges that Lloyds also violated the Texas Prompt Payment of Claims Act.  Under Texas law, "full and timely payment of an appraisal award under the policy precludes an award of penalties under the Insurance Code's prompt payment provisions as a matter of law."  *See In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d

556, 563-64 (Tex. App. – Houston [14th Dist. 2010] (mandamus proceeding), and cases cited therein.  Because Lloyds made full and timely payment of the appraisal award in this case, Plaintiff's Prompt Payment claim fails as a matter of law.

## IV.   **CONCLUSION AND ORDER**

In this case, there was a binding appraisal, Lloyds paid that amount to Blum's, and Blum's accepted payment from Lloyds.  Consequently, Blum's is estopped from maintaining a breach of contract claim against Lloyds, and the Prompt Payment claim fails as a matter of law.  Because there is no viable breach of contract claim, and because Blum's has not presented evidence supporting either exception to the general rule, there can be no common law bad faith claim, Texas Insurance Code claim, or Deceptive Trade Practices Act claim.  Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 19] is **GRANTED**.  The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **2nd** day of **March, 2011**.

Nancy F. Atlas
United States District Judge